
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOM NAGRONE; DAN NAGRONE; DARRELL NACCURATO; PATRICK DAHMEN; JANELLE SELLS; TERRI ORTON; WILLIAM EVANSON; TAMMY EVANSON; LARRY THOMPSON; JAMIE GUICE; LAURA SQUIBB; JEFFREY TUCKER; AMY TUCKER; BILL EVANSON; RICK BAILLIE; LAURA STOCKTON; LENORA DAVIS BATEMAN; MARYBETH WETSCH; VICKI EARHART; CAROL HEALD; JERRY STREETER; CLARA KUHN; IVAN KAYS; THERESA YOUNGQUIST; BARBARA GAUSTAD; SHARON YOUNG; DIANE MOLES; KYLE BAILEY; MIKE BRIGGS; WILLIS BALL; MARK RADEMAN; DREW OLSEN; CHADNEY SAWYER; NANCY MCDONALD; TED NUXOLL; CINDY NUXOLL; DEAN CARLSON; BRAD BLATTLER,<br><br>    Plaintiffs - Appellants,<br><br> and<br><br> TIDYMAN'S MANAGEMENT | No. 09-35165<br><br>D.C. No. 9:07-cv-00004-DWM-RKS<br><br><br>MEMORANDUM [*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

SERVICES, INC.,

                    Plaintiff,

  v.

MICHAEL A. DAVIS,

                    Defendant - Appellee,

JOHN MAXWELL,

                    Defendant - Appellee,

 and

RIC ODEGARD,

                    Defendant,

TIDYMAN'S MANAGEMENT
SERVICES, INC.,

                    Defendant,

TIDYMAN'S LLC; JOE CUSTER;
GEORGE REITEMEIER; CHRIS
SCHNUG,

                    Defendants.

| | |
|---|---|
| TOM NAGRONE; DAN NAGRONE; DARRELL NACCURATO; JANELLE SELLS; PATRICK DAHMEN; TERRI ORTON; WILLIAM EVANSON; | No. 09-35182<br><br>D.C. No. 9:07-cv-00004-DWM-RKS |

TAMMY EVANSON; LARRY THOMPSON; JAMIE GUICE; LAURA SQUIBB; JEFFREY TUCKER; AMY TUCKER; BILL EVANSON; RICK BAILLIE; LAURA STOCKTON; LENORA DAVIS BATEMAN; MARYBETH WETSCH; VICKI EARHART; CAROL HEALD; JERRY STREETER; CLARA KUHN; IVAN KAYS; THERESA YOUNGQUIST; BARBARA GAUSTAD; SHARON YOUNG; DIANE MOLES; KYLE BAILEY; MIKE BRIGGS; WILLIS BALL; MARK RADEMAN; DREW OLSEN; CHADNEY SAWYER; NANCY MCDONALD; TED NUXOLL; CINDY NUXOLL; DEAN CARLSON; BRAD BLATTLER; TIDYMAN'S MANAGEMENT SERVICES INC.,

                Plaintiffs,

    v.

MICHAEL A. DAVIS; JOHN MAXWELL,

                Defendants - Appellees,

    v.

TIDYMAN'S MANAGEMENT SERVICES, INC.; TIDYMAN'S LLC,

                Defendants - Appellants,

    and

RIC ODEGARD; JOE CUSTER;
GEORGE REITEMEIER; CHRIS
SCHNUG,

Defendants.

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted January 13, 2010
Seattle, Washington

Before: KLEINFELD and TALLMAN, Circuit Judges, and SETTLE,[**] District Judge.

This is a combined appeal. First, Plaintiffs Thomas Nagrone and other participants in the Tidyman's Management Services, Inc. Employee Stock Ownership Plan and Trust ("Plaintiffs") appeal the district court's grant of summary judgment in favor of Defendants Michael Davis and John Maxwell ("Defendants") on the issues of futility of demand and ERISA preemption. Second, Tidyman's Management Services, Inc. ("TMSI") appeals the district court's denial of its motion for leave to amend so that it could be joined as a Plaintiff. For the reasons discussed below, we reverse the district court's summary

---

[**] The Honorable Benjamin Hale Settle, United States District Judge for the Western District of Washington, sitting by designation.

judgment rulings and remand for further findings.  We do not reach the appeal of the district court's denial of the motion for leave to amend.

## A.    Futility of Demand

In this case, it is undisputed that before filing their complaint, Plaintiffs failed to make a demand for action on either the Employee Stock Ownership Plan and Trust ("ESOP") or the corporate officers.  Under Washington law, a "complaint in a proceeding brought in the right of a corporation must . . . allege with particularity the demand made, if any, to obtain action by the board of directors and either that the demand was refused or ignored or why a demand was not made."  Wash. Rev. Code § 23B.07.400(2).  After the district court entered its order granting summary judgment, the Washington Supreme Court decided *In Re F5 Networks*, 207 P.3d 433 (Wash. 2009), and clarified the substantive demand requirements under Wash. Rev. Code § 23B.07.400(2).  The court held that a plaintiff's failure to make a proper demand may be excused if the plaintiff shows that demand would have been futile.  *Id.* at 438–39.

Although Plaintiffs failed to make a demand, the district court did not consider the issue of whether such a demand would have been futile.  Moreover, the record is not sufficiently developed so that we can determine whether a demand would have been futile.  Therefore, the district court's grant of summary judgment

5

on this issue is vacated and the case is remanded for further discovery and consideration of the substantive demand requirements as set forth in *In Re F5 Networks*, 207 P.3d 433 (Wash. 2009).

**B.      ERISA Preemption**

Whether ERISA preempts state law is a question of subject matter jurisdiction which we review de novo.  *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Group, Inc.*, 187 F.3d 1045, 1049–50 (9th Cir. 1999).

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" that is subject to ERISA.  29 U.S.C. § 1144(a).  We have formulated a "relationship test" to determine whether ERISA preempts state law.  *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1358 (9th Cir. 1997).  Under the relationship test, ERISA preempts a state law claim if the claim encroaches on the relationships ERISA regulates, "such as between plan and plan member, plan and employer, and plan and trustee."  *Blue Cross of Cal.*, 187 F.3d at 1053; *see also Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson*, 201 F.3d 1212, 1219 (9th Cir. 2000).

In this case, Plaintiffs asserted a state law claim that Defendants violated corporate duties owed to TMSI as officers and directors of TMSI.  This relationship between TMSI and Defendants does not encroach on an ERISA

regulated relationship because the corporate relationship involves neither the ESOP nor the ESOP-participant Plaintiffs. In other words, the state law claim for breach of corporate duties owed to the corporation does not encroach upon an ERISA regulated relationship such as one between (1) a plan and a plan member, (2) a plan and an employer, or (3) a plan and a trustee. *See Abraham v. Norcal Waste Sys., Inc.*, 265 F.3d 811, 820–23 (9th Cir. 2001); *see also Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enter., Inc.,* 793 F.2d 1456, 1468–69 (5th Cir. 1986) (the fiduciary duties of a corporate director may be parallel to the duties entrusted to an ERISA plan fiduciary but exist independently from the plan itself).

We vacate the district court's grant of summary judgment to Defendants on the issue of preemption because ERISA does not preempt Plaintiffs' state law claim.

## C.    Leave to Amend

In this case, we need not reach the issue of whether the district court properly exercised its discretion in denying leave to amend because on remand the question will arise anew in a different procedural posture.

Each party shall bear its own costs on appeal.

**REVERSED and REMANDED.**

7